UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED MYLES,<br><br>        Petitioner,<br><br>    v.<br><br>R. J. RACKLEY,<br><br>        Respondent. | No. 2:16-cv-0278 TLN CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the court is respondent's motion to dismiss Claims 1-4 of the petition for failure to state a federal claim. Alternatively, respondent argues that certain claims should be dismissed without prejudice to refiling in a separate petition. (ECF No. 14.) Petitioner has not filed an opposition. For the reasons set forth below, the undersigned will recommend that respondent's motion be granted.

I. Background

Petitioner was convicted of possession of marijuana in Folsom State Prison and sentenced to a prison term of two years. (Lod. Doc. 1.) Petitioner did not appeal the judgment. In a prison disciplinary hearing based on the same incident, petitioner was found guilty of distribution of a controlled substance within an institution, for which he lost custody credits. (ECF No. 1 at 29, 35.)

1

1    Petitioner filed a habeas petition in the state superior court, challenging both his prison
2 disciplinary conviction for distribution and his criminal conviction for possession. (Lod. Doc. 2.)
3 He argued that, under Proposition 47, he was entitled to a sentence reduction from two years to
4 one year or six months.[1] (Id.) The court denied the petition, finding that petitioner needed to
5 seek Proposition 47 relief from his criminal conviction in a separate petition under Cal. Penal
6 Code § 1170.18, not in a habeas proceeding. The court also found that petitioner was not entitled
7 to relief from the prison disciplinary action, noting: "Proposition 47 applies only to criminal
8 convictions in a court of law, not to guilt findings in prison disciplinary proceedings." (Lod. Doc.
9 3.) Petitioner then filed a habeas petition in the state court of appeal, which the court denied.
10 (Lod. Docs. 4 & 5.)

11   Petitioner next petitioned the state superior court to redesignate his sentence under
12 Proposition 47. (Lod. Doc. 6.) The court denied the petition, finding that petitioner was
13 ineligible for resentencing based on his current conviction. (Lod. Doc. 7.)

14   Petitioner filed another habeas petition in the state superior court, challenging both his
15 prison disciplinary conviction and his court judgment. (Lod. Doc. 8.) The court found the claims
16 procedurally barred. (Lod. Doc. 9.)

17   Petitioner then filed a habeas petition in the state supreme court challenging both the
18 prison disciplinary and criminal convictions. (Lod. Doc. 10.) The court summarily denied the
19 petition. (Lod. Doc. 11.)

20   Petitioner filed the instant federal petition on February 11, 2016. (ECF No. 1.)

21 II. Discussion

22   Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for
23 summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
24 any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The
25 court considers whether summary dismissal of Claims 1-4 is appropriate, as set forth below.

---

[1] Passed by California voters in 2014, Proposition 47 reduces certain drug possession felonies to misdemeanors and allows people who are already serving felony convictions for these crimes to petition the court for resentencing.

A.  <u>Disciplinary Claims: 1 & 4</u>

Claim 1 of the petition challenges petitioner's prison disciplinary conviction for distribution of a controlled substance, resulting in a loss of custody credits. Petitioner argues that he was incorrectly found guilty of violating Cal. Code Regs., title 15, § 3016(c), distribution of a controlled substance, rather than possession of a controlled substance. (ECF No. 1 at 25-29.) Likewise in Claim 4, petitioner asserts that he was found guilty of the wrong regulatory violation and received an excessive sentence. (<u>Id.</u> at 34-38.)

An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:

1) Advance written notice of the charges;

2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;

3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4) That the findings of the prison disciplinary board be supported by some evidence in the record. <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).

Here, insofar as petitioner argues that his disciplinary conviction for distribution is not supported by "some evidence," his claim is cognizable in federal habeas. However, he cannot challenge both the disciplinary finding and his criminal conviction in the same action. <u>See</u> Rule 2(e) of the Rules Governing Habeas Corpus. Thus Claims 1 and 4 (which are effectively one claim) should be dismissed without prejudice to refiling in a separate action.

B.  <u>State Law Claims: 2 & 3</u>

In Claims 2 and 3, petitioner challenges the state court's refusal to resentence him under Cal. Penal Code § 1170.18, enacted by Proposition 47. In Claim 3, petitioner characterizes this as a federal due process claim. (ECF No. 1 at 30-34.)

Federal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by a state court. <u>See Richmond v. Lewis</u>, 506 U.S. 40, 50 (1992) (the question to be decided by a federal court on petition for habeas corpus is not whether

3

the state committed state-law error but whether the state court's action was "so arbitrary or capricious" as to constitute an independent violation of the federal constitution); <u>Brown v. Mayle</u>, 283 F.3d 1019, 1040 (9th Cir. 2002) (petitioner's claim that he should be resentenced under state law was not cognizable on federal habeas review), <u>vacated on other grounds by Mayle v. Brown</u>, 538 U.S. 901 (2003).  Citing federal due process in a claim for resentencing under state law does not make the claim reviewable under 28 U.S.C. § 2254.  Thus Claims 2 and 3 should be dismissed with prejudice for failure to state a claim.

In sum, the undersigned will recommend that four of petitioner's five claims be dismissed and this action proceed on the remaining claim, Claim 5.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1.  Respondent's motion to dismiss (ECF No. 14) be granted;

2.  Claims 1 and 4 be dismissed without prejudice to refiling in a separate action;

3.  Claims 2 and 3 be dismissed with prejudice for failure to state a claim; and

4.  This action be referred back to the Magistrate Judge to proceed on Claim 5.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 26, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / myle0278.mtd

4