UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED MYLES, | No. 2:16-cv-00278-TLN-CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R.J. RACKLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondent filed an answer to the petition on April 11, 2017. ECF No. 19. Petitioner did not file a reply. For the reasons set forth below, the undersigned recommends denying petitioner's habeas corpus application.

**I.     Factual and Procedural History**

On April 30, 2014, petitioner was convicted of possession of marijuana while an inmate at Folsom State Prison in violation of California Penal Code § 4573.6  See Lodged Document No. 1 (Abstract of Judgment). He was sentenced to two years in prison consecutive to the term that he was already serving. Id.

Petitioner constructively filed the pending federal habeas corpus petition on February 6, 2016 raising five claims for relief. ECF No. 1. This court previously dismissed claims one and four challenging petitioner's prison disciplinary conviction related to the marijuana possession

1

without prejudice to being refiled in a separate habeas petition. See ECF Nos. 16, 17. Claims two and three in the petition were dismissed with prejudice because they challenged state sentencing laws and were not cognizable on habeas. Id. Thus, the only claim that remains to be adjudicated is claim five in petitioner's habeas corpus petition.

In his habeas application, petitioner asserts that his sentence violates the Eighth Amendment because the same crime "off prison ground[s]" is only punishable as a misdemeanor. ECF No. 1 at 33 (citing California Health and Safety Code § 11350). According to petitioner, the location of the crime does not justify the enhanced punishment. ECF No. 1 at 34. By way of relief, petitioner seeks a reduction in his sentence to a term which is consistent with a misdemeanor sentence. See ECF No. 1 at 34-35.

Respondent contends that petitioner has failed to demonstrate that he is entitled to federal habeas corpus relief because state law has not been arbitrarily or capriciously applied to him. ECF No. 19 at 6-7 (citing Richmond v. Lewis, 506 U.S. 40, 50 (1992)).

## II. Legal Standards

To be entitled to federal habeas corpus relief, petitioner must affirmatively establish that the state court decision resolving the claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or … resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000) ] that an unreasonable application is different from an incorrect one.

2

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

This court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). In this case, the California Supreme Court's decision denying petitioner's state habeas corpus petition constitutes the last reasoned state court decision with respect to petitioner's claim for relief. Even though the California Supreme Court decision is silent as to the basis for its decision, the state court rejection of a federal claim will be presumed to have been on the merits absent any indication or state law procedural principles to the contrary. Harrington v. Richter, 131 S. Ct. 770, 784–785 (2011).

**III.    Analysis**

Here, the court finds that there is no tenable basis upon which petitioner can tether an Eighth Amendment violation. A sentence violates the Eighth Amendment only when it is grossly disproportionate to the offense. See Graham v. Florida, 560 U.S. 48, 59 (2010) (emphasizing that "[t]he concept of proportionality is central to the Eighth Amendment."); Lockyer v. Andrade, 538 U.S. 63 (2003). This Eighth Amendment principle is the "clearly established Federal law" which this court applies in reviewing petitioner's habeas claim. Moreover, as even the Supreme Court has noted, the "precise contours" of this proportionality principle are unclear, and it has been applied only in exceedingly rare and extreme cases to strike down state court criminal sentences. Harmelin v. Michigan, 501 U.S. 957, 998, 1001 (Kennedy, J., concurring). A two-year prison sentence for possession of marijuana by an inmate is not grossly disproportionate to the offense, and the state court decision finding as much was not contrary to nor an unreasonable application of the Eighth Amendment. See Lockyer v. Andrade, 538 U.S. at 77 (upholding sentence of two

3

1 consecutive terms of 25 years to life in prison for stealing four videotapes valued at $68.84 for a
2 third strike conviction).

3     To the extent that petitioner's claim is based on the arbitrary and capricious application of
4 the state sentencing scheme concerning marijuana possession, petitioner fares no better.
5 Respondent correctly points out that there is a principled distinction between the criminal statute
6 petitioner was convicted of violating and Health and Safety Code § 11350 which makes
7 marijuana possession a misdemeanor. "[S]ection 11350… 'is designed to protect the health and
8 safety of all persons within its borders by regulating the traffic in narcotic drugs'; section 4573.6,
9 on the other hand, serves the 'necessary purposes of prison administration.'" People v. Suguitan,
10 2016 WL 6996220, *3 (2016). Since petitioner was a prison inmate at the time that he was found
11 in possession of marijuana, it was neither arbitrary nor capricious to sentence him to more than 12
12 months incarceration, i.e. a felony sentence. Therefore, the state court's rejection of this claim
13 was not contrary to nor an unreasonable application of Eighth Amendment jurisprudence. See
14 Harmelin, 501 U.S. at 998 (Kennedy, J., concurring) (stating that "the fixing of prison terms for
15 specific crimes involves a substantive penological judgment that, as a general matter, is 'properly
16 within the province of legislatures, not courts.'") (citation omitted).

17     This point is made even more clear by petitioner's failure to cite any federal law in
18 support of his federal habeas claim. Merely attaching the words "Eighth Amendment" to his
19 challenge to the state law sentencing scheme governing marijuana possession does not transform
20 his claim into one that is either cognizable or meritorious. See Richmond v. Lewis, 506 U.S. 40,
21 50 (1992) (the question to be decided by a federal court on petition for habeas corpus is not
22 whether the state committed state-law error but whether the state court's action was "so arbitrary
23 or capricious" as to constitute an independent violation of the federal constitution); Brown v.
24 Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002) (petitioner's claim that he should be resentenced
25 under state law was not cognizable on federal habeas review), vacated on other grounds by Mayle
26 v. Brown, 538 U.S. 901 (2003). For all these reasons, the undersigned recommends denying this
27 claim for relief.
28 ////

4

Accordingly, IT IS HEREBY RECOMMENDED that claim five in petitioner's application for a writ of habeas corpus be denied on the merits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 9, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/myle0278.f&r.2254.docx

5